**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| THOMAS P. GAGLIARDI, | Case No. 2:17-cv-02009-RFB-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

## I.    INTRODUCTION

Before the Court is Plaintiff Thomas P. Gagliardi's Motion for Remand/Reversal, ECF No. 13, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 16.

For the reasons discussed below, the Court finds that the ALJ's decision contains no legal error at step five. Therefore, the Court denies Plaintiff's motion and affirms the ALJ's decision.

## II.    BACKGROUND

On August 23, 2013, Plaintiff completed an application for disability insurance benefits alleging disability since April 11, 2013. AR 23. Plaintiff was denied initially on April 24, 2014 and upon administrative reconsideration on September 3, 2014. AR 23. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on October 16, 2015. AR 23. In an opinion dated January 20, 2016, ALJ I. K. Harrington found Plaintiff not disabled. AR 23–36. The Appeals Council denied Plaintiff's request for review on May 26, 2017, rendering the ALJ's decision final. AR 6–8.

/ / /

1    The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity since April 11, 2013, the alleged onset date. AR 25–26. At step two, the ALJ found that Plaintiff has the following severe impairment: residual effects of cerebral vascular accident. AR 26–27. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 27–29.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, routine tasks involving no more than simple, short instructions and make simple, work-related decisions in a setting with few workplace changes; can occasionally interact with the general public; and can never operate motor vehicles. AR 29–34. Based on this RFC, the ALJ found that, while Plaintiff is unable to perform any past relevant work at step four, Plaintiff can perform jobs that exist in significant numbers in the national economy at step five and is therefore not disabled. AR 34–36.

### III.    LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter,

504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step five. At step five, the ALJ determines based on the claimant's RFC whether the claimant can make an adjustment to substantial gainful work other than his past relevant work. 20 C.F.R. § 404.1520(g).

**IV.   DISCUSSION**

Plaintiff raises only one argument on judicial review: Plaintiff asserts that the ALJ erred at step five because all of the jobs identified are unskilled light jobs. Plaintiff contends that because the ALJ identified only unskilled light work that he could perform on the basis of his RFC, Plaintiff must be found disabled under the Medical-Vocational Guidelines.

At the hearing, the ALJ presented to the vocational expert a hypothetical that is consistent with the RFC found in the ALJ's later-published opinion. AR 104–05. The vocational expert testified that an individual with those restrictions could not perform any of claimant's past work. AR 105. The expert testified that an individual with those restrictions could however perform the jobs of marker (DOT number 209.587-034), linen grader (DOT number 361.687-022), and assembler plastic hospital products (DOT number 712.687-010). AR 105. Each identified job is characterized as having a skill level of two and a light exertional level. AR 105. Consistent with the vocational expert's testimony, the ALJ found in his opinion that an individual with Plaintiff's

/ / /

1  RFC would be able to perform the three identified jobs. AR 35. The ALJ acknowledged that these
2  were "unskilled light jobs." AR 35.

3  When a claimant has met his burden at steps one through four, the Social Security
4  Administration bears the burden of proof at step five to "show that the claimant can do other kinds
5  of work." Garrison, 759 F.3d at 1011; see also 20 C.F.R. § 404.1560(c)(2). Plaintiff contends that
6  the identification of three unskilled light jobs cannot satisfy the Secretary's burden and argues that
7  he must be found disabled pursuant to the Medical-Vocational Guidelines. The relevant portion
8  of the Medical-Vocational Guidelines directs that a person who is 55 years old or older and can
9  only perform light jobs must be found disabled absent transferable skills. 20 C.F.R. pt. 404, subpt.
10 P, app. 2, Rules 202.04 and 202.06.

11 However, because Plaintiff does not contest the RFC finding in this case, there can be no
12 error pursuant to the Medical-Vocational Guidelines. The ALJ found that Plaintiff had an RFC to
13 "perform a full range of work at all exertional levels" with certain "nonexertional limitations." AR
14 29. The Medical-Vocational Guidelines apply *only* when a claimant is limited by his RFC to
15 performing work at specific exertional levels. The Guidelines plainly state that they "*do not* direct
16 factual conclusions of disabled or not disabled for individuals with solely nonexertional types of
17 impairments." 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 200.00(e)(1) (emphasis added).

18 Therefore, the Court finds that Plaintiff has identified no error in the ALJ's determination
19 that Plaintiff could perform work available in significant numbers in the national economy based
20 on his RFC. The Medical-Vocational Guidelines do not support a finding of legal error simply
21 because the jobs identified at step five were at a light exertional level where Plaintiff has been
22 found capable of a full range of work at all exertional levels.

23

24 **V.   CONCLUSION**
25   **IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand/Reversal (ECF No. 13)
26 DENIED and Defendant's Cross Motion to Affirm (ECF No. 16) is GRANTED.
27 ///
28 ///

1  **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in
2  favor of Defendant, and against Plaintiff.  The Clerk of Court is instructed to close the case.
3  **DATED**: June 28, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**